McCormick Harvesting Machine Company v. James L. Callen et al.

FILED JUNE 16, 1896. No. 6725.

Conditional Sales: CHATTEL MORTGAGES. A mortgagee of a conditional vendee in possession of chattels is not a purchaser within the meaning of section 26, chapter 32, Compiled Statutes, and the rights of the conditional vendor thereof are prior and paramount to the lien of such mortgagee under his mortgage.

ERROR from the district court of Sherman county. Tried below before HOLCOMB, J.

*Nightingale Bros.*, for plaintiff in error.

*J. R. Scott, contra.*

HARRISON, J.

On September 8, 1888, the plaintiff made a conditional sale of a mowing machine to J. W. Rose and E. P. Bridges. By the terms of the written contract of sale the title and ownership of the machine were expressly reserved, and remained vested in the seller until such time as a note given as a part of the purchase consideration should be paid in full by the buyers. The plaintiff did not file a copy of the written contract of sale in the office of the clerk of the county wherein the purchasers of the mower resided. October 24, 1889, a chattel mortgage was executed by J. W. Rose in favor of J. L. Callen, in which was included, together with other property, the mowing machine hereinbefore mentioned. During the month of October, 1890, the mortgagee took possession of the mortgaged property, and, it was alleged in plaintiff's petition, converted it to his own use, contrary to the rights of plaintiff and to plaintiff's damage. In an action of conversion in the district court of Sherman county the defendants were successful.

In the petition in error filed in this court it is assigned that the verdict is not sustained by the evidence; that the verdict was contrary to law; and that the trial judge erred in giving instruction numbered 2 of the instructions given on his own motion. The paragraph of the charge referred to was as follows: "The contract or conditional sale of the mowing machine to the witness Rose by the plaintiff, with the possession of the machine being in the hands of said Rose, is by our statute invalid as to the creditors, subsequent purchasers, or mortgagees of said Rose in good faith and without notice of such conditional sale, unless such instrument, or a copy thereof, is filed in the office of the county clerk, which the evidence shows conclusively was not done in this case." The evidence established that the sale of the mower by plaintiff to Rose and Bridges was a conditional one, as pleaded; that subsequent to the sale a mortgage was executed and

delivered to Callen which included the machine in its list of property, and that Callen took the mower. Prior to the enactment of a statutory rule on the subject it was held by this court: "A sale and delivery of goods on condition that the property is not to vest until the purchase money is paid or secured does not pass the title to the vendee until the condition is performed." (See *Aultman v. Mallory*, 5 Neb., 178.) The decision just referred to was of the July, 1876, term of this court, and during the legislative session of 1877 there was passed what is now designated section 26, chapter 32, of the Compiled Statutes, which reads as follows: "That no sale, contract, or lease wherein the transfer of title or ownership of personal property is made to depend upon any condition shall be valid against any purchaser or judgment creditor of the vendee or lessee in actual possession, obtained in pursuance of such sale, contract, or lease, without notice, unless the same be in writing, signed by the vendee or lessee, and a copy thereof filed in the office of the clerk of the county within which such vendee or lessee resides," etc. In the case of *Campbell Printing Press & Mfg. Co. v. Dyer*, 46 Neb., 830, in which the respective rights of the vendor in a conditional sale of chattels and a subsequent lien-holder by virtue of a chattel mortgage made by the vendee were in litigation, the section of the statute just quoted was under consideration, and it was held to have no reference to a mortgagee of chattels in possession of a conditional purchaser, and that the rights of the vendor in the conditional sale were paramount and superior to those of such mortgagee. The doctrine then announced is clearly applicable to the facts in the case at bar and must control the determination of the questions involved, and the consequent disposition of the cause at the present hearing, favorably to the contention of the plaintiff. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.