### In re SHERIDAN et al.

(District Court, E. D. Pennsylvania. December 16, 1899.)

### No. 66.

BANKRUPTCY—PREFERENCES—PLEDGE OF PERSONALTY.

An agreement to pledge personal property as security for a debt is not executed where the goods are not delivered to the creditor, nor set apart and treated as his property; and, where the creditor takes possession of the property a few days before the filing of a petition in bankruptcy against the debtor, the transaction is voidable as a preference, notwithstanding that the original agreement was made more than four months before that time.

In Bankruptcy. The referee in bankruptcy found that a pledge of personal property by the bankrupt to one of his creditors was an unlawful preference under the bankruptcy act, and made an order requiring the creditor, who had sold the goods pledged, to pay over the proceeds to the trustee in bankruptcy. The case is now before the court on the creditor's exceptions to such decision of the referee.

John K. Kane, for exceptant.

Greenwald & Mayer and Charles Biddle, for certain creditors.

McPHERSON, District Judge. The exceptant relies on Ex parte Potts, Fed. Cas. No. 11,344, but an examination of that case will show that the decision was upon a different state of facts. One question there was whether a pledge actually made was fraudulent; and it appeared that the alleged bankrupts, when they were admittedly solvent, had assigned to a creditor, as collateral security for advances, several policies of insurance and bills of lading upon a vessel and cargo then at sea. Under such circumstances, it was correctly held that the transfer was not in fraud of creditors. The assignment of the policies was a completed transfer of the debtor's interest in those instruments, and the assignment of the bills of lading transferred the title to the property therein described, without any further act. As to almost all the property then under consideration, therefore, the transaction had been fully executed. One policy or one bill of lading was apparently not transferred until May, when the alleged bankrupts had become "involved" (there was no averment of insolvency in the petition); but as the last advance by the creditor had been made in March, in pursuance of an agreement made in February, the court was clearly right in holding that no part of the transaction was fraudulent. No. question of preference arose, whereas here the question is one of preference simply. The goods here were never actually pledged until the exceptant, for the first time, took them into his possession a few days before the petition was filed. Before that time there was a mere agreement to pledge. The goods were never delivered to the exceptant, nor (assuming, for present purposes, that this would have been good against the other creditors) were they even set apart and continuously treated as his property. Under the facts proved, the pledge was not completed until the date of removal. Lucketts v. Townsend, 49 Am. Dec. 730, note. This being so, the exceptant's title attached upon

that date, and the transfer created a preference in violation of the act.

The exceptions to the finding of the referee are overruled, and his order directing the exceptant to pay to the trustee the money received from the sale of the goods in question is approved.