## In re GREAT WESTERN MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1907.)

### No. 81.

1. BANKRUPTCY—TRUSTEE'S TITLE THAT OF BANKRUPT IN ABSENCE OF ATTACHING OR JUDGMENT CREDITORS OR FRAUD.

A trustee in bankruptcy stands in the shoes of the bankrupt, and has no better title than he, in the absence of fraud, or of attaching or judgment creditors at the time of the filing of the petition.

**2.** SAME—UNFILED CONTRACT OF CONDITIONAL SALE RETAINING TITLE IN VENDOR VALID AGAINST TRUSTEE IN NEBRASKA.

A contract of conditional sale whereby the parties agree that the title shall remain in the vendor until the purchase price is fully paid is voidable, under the statutes of Nebraska, by purchasers, attaching creditors, and judgment creditors only, if not filed in the office of the county clerk.

It is valid against all other creditors though unfiled, and hence against a trustee in bankruptcy who represents no attaching or judgment creditors.

**3.** SAME—DISTRIBUTION—SHARES OF PROCEEDS OF MIXED PROPERTY PROPORTIONED TO VALUES OF RESPECTIVE OWNERS OF PROPERTY SOLD.

One who acquiesces in a sale under an order of the court of his property and the property of the estate of the bankrupt in one lot, and thereafter prays for a preference in payment out of the proceeds of the sale, is estopped from receiving a larger proportion of the proceeds than the value of his property bore to the value of the lot sold at the time of the sale.

**4.** SAME—VOIDABLE PREFERENCE—CONTRACT PRIOR TO FOUR MONTHS WILL NOT PROTECT.

A mortgage or transfer of his property by an insolvent debtor within four months of the filing of a petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character or validated by the fact that it was executed in the performance of a contract to do so made more than four months before the filing of the petition.

(Syllabus by the Court.)

On Petition for Review.

John H. Atwood (William W. Hooper, on the brief), for petitioner.
W. J. Courtright (Geo. L. Loomis, on the brief), for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The J. T. Royston Milling Company, a corporation, was adjudged a bankrupt upon a petition filed on January 6, 1905. Prior to September 6, 1904, the Great Western Manufacturing Company, a corporation, had sold, installed, and put in operation in the Royston Company's mill at Fremont, in the state of Nebraska, certain machinery and material, for which at the time of their final acceptance it gave its promissory notes for $10,034.60 and an agreement that the title and the right to the possession of the machinery and material should remain in the vendor until the notes were paid, notwithstanding any agreement or security that was or might be taken for the performance of the agreement, and that the payment of the notes should be secured by a mortgage on the mill and its appurtenances, or equivalent security, at the election of the Great Western Company. This agreement was first filed in the proper county clerk's office on October 8, 1904. On October 10, 1904, the vendee made a mortgage on the mill and its appurtenances which was recorded in the office of the register of deeds of the proper county on the same day. The mill and its appurtenances, including the machinery and material sold by the Great Western Manufacturing Company, were sold by order of the court below for $16,400. The Great Western Company immediately thereafter filed its claim, and asked that it be paid in full out of the proceeds of the sale in preference to the claims of other creditors. The referee allowed the claim for $10,-

532.50, and denied it any preference. The District Court reversed this order, held that the agreement was valid and the mortgage a voidable preference, and directed that the vendor should be paid in preference to the other creditors such a proportion of the $16,400 as the value of the machinery and material it sold bore to the value of the mill and appurtenances at the time of the sale of the latter. It now presents its petition to revise this order because the court below did not uphold the mortgage and sustain its claim for a preference thereunder for the entire amount of the bankrupt's debt to it. The trustee moves to dismiss the petition because it was filed more than 10 days after the order assailed was made, and because it involves disputed questions of fact which it is alleged can only be determined by appeal, and the trustee prays that if the merits of the case are considered the petitioner be denied any preference whatever.

While it is true that counsel do not agree upon the facts, the record fairly establishes those which have been stated, and upon them the case will be determined. The agreement of conditional sale whereby the vendor retained the title to the machinery and material until its purchase price was paid did not create a preference voidable under the bankruptcy law because it was given for a present consideration, for the machinery and material which were and continued to be the property of the vendor, and because it was made more than four months before the petition in bankruptcy was filed. Agreements of this nature which are not filed or recorded in the proper public office are voidable by purchasers, attaching creditors, and judgment creditors only, under the statutes of Nebraska (Comp. St. 1901, Neb. c. 32, § 26; Campbell Printing, etc., Co. v. Dyer, 46 Neb. 830, 836, 65 N. W. 904; McCormick Harvesting Machine Co. v. Callen, 48 Neb. 849, 67 N. W. 863), and there was none of either class when the petition in bankruptcy was filed in this case. The contract was therefore valid and enforceable against the bankrupt and against his ordinary creditors, and hence against the trustee, for he had no better right or title to the property than they, and he suffered no prejudice from the order of the court. Hewit v. Berlin Machine Works, 194 U. S. 296, 297, 303, 24 Sup. Ct. 690, 48 L. Ed. 986; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782.

The Great Western Company insists, however, that it was entitled to payment of the entire amount of its claim out of the proceeds of the trustee's sale of the mill and machinery, because the proportion of those proceeds which the value of the machinery and material bore to the value of the mill and its appurtenances was but one-third, and under the order of the court it will sustain a heavy loss, and because it had a mortgage upon the entire property given in execution of an agreement made more than four months before the petition in bankruptcy was filed. The vendor had the right to take the machinery and material out of the mill and dispose of it as it saw fit. If it had applied to the court to do so and its application had been denied, it would have been entitled to recover of the trustee the value of its right. But it presented no such claim and made no application of that nature. The proceedings in bankruptcy were pending from January

6, 1905, until May 25, 1905, before the sale was made. It was ordered on May 12, 1905, and the first act of the Great Western Company was the filing of a claim for a preference in payment out of the proceeds after the sale had been made. Its acquiescence in the sale of its property in the mill with that of the bankrupt estopped it from receiving out of the proceeds of the sale of the entire lot any larger proportion than the value of its property bore to the value of the entire property sold.

The mortgage was executed and recorded on October 10, 1904, within the four months prior to the filing of the petition in bankruptcy. The mortgagor was then hopelessly insolvent. The effect of the enforcement of the mortgage will be to enable the mortgagee to obtain a greater percentage of its debt than any of the bankrupt's other creditors of the same class can obtain, and the referee and the court were of the opinion, in which we concur, that the mortgagee had reasonable cause to believe when the mortgage was made that it was intended to give a preference thereby. But counsel persuasively argue that this mortgage escapes the ban of section 60 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), because it was made in the performance of the provision of the agreement of conditional sale that the notes of the vendee should "be secured by first mortgage on said premises and appurtenances (the mill site and mill), or equivalent security, at the first party's (the vendor's) election," and the question arises, is a mortgage or other transfer of an insolvent's property within the four months which is otherwise voidable as a preference protected by an agreement to make it executed prior to the four months? The statutes regarding the filing and recording of mortgages and transfers do not condition this issue in the case before us, and their effect will not be farther noticed, because the statutes of Nebraska do not avoid mortgages as against the mortgagors and their ordinary creditors for failure to file or record them. They make them voidable against attaching and judgment creditors only. Comp. St. Neb. 1901, c. 32, § 14; Forrester v. Bank, 49 Neb. 655, 68 N. W. 1059; Lancaster County Bank v. Gillilan, 49 Neb. 165, 68 N. W. 352.

Argument by analogy in support of an affirmative answer to the question here at issue may well be drawn from In re J. F. Grandy & Son (D. C.) 146 Fed. 318, Wilder v. Watts (D. C.) 138 Fed. 426, McDonald v. Daskam, 53 C. C. A. 554, 116 Fed. 276, and In re Wittenberg Veneer & Panel Co. (D. C.) 108 Fed. 593, 595, in which assignments of policies of insurance within the four months pursuant to agreements to make them, executed prior to the four months, were sustained under peculiar circumstances; and from Sabin v. Camp (C. C.) 98 Fed. 974, in which a conveyance within the four months upon a payment of the balance of the purchase price was sustained where it had been made in performance of a contract executed prior to the four months to the effect that the creditor should advance money to purchase the property, should have a lien upon it, and the option, which he exercised, to buy it at a specified price for the amount of the money he had advanced and the cash balance requisite to aggregate the required amount.

But the theory and purpose of the bankruptcy act were to distribute the unexempt property which the bankrupt owned four months before the filing of the petition in bankruptcy against him, share and share alike, among his creditors of the same class. To this end every judgment procured or suffered against him, every transfer by an insolvent of any of his property, every conceivable way of depleting it after the commencement of the four months the effect of which is "to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class," is declared to be a voidable preference if the creditor has reason to believe that a preference is intended thereby. Act July 1, 1898, c. 541, and Act Feb. 5, 1903, c. 487, 30 Stat. 562, 32 Stat. 799 [U. S. Comp. St. 1901, p. 3445; U. S. Comp. St. Supp. 1905, p. 689]; Swarts v. Fourth National Bank, 54 C. C. A. 387, 389, 117 Fed. 1, 3. An agreement to mortgage or to transfer is not a mortgage or a transfer. The title remains in the owner unincumbered by the mortgage until the mortgage or transfer is effected. When the agreement is made before, and the mortgage or transfer within, the four months, the title stands unincumbered by the latter at the commencement of the four months, and the proceeds of that title are pledged under the bankruptcy law for the benefit of all the creditors pro rata. Any subsequent mortgage or transfer withdraws that title or a portion of its value from these creditors, and a just and fair interpretation and execution of the act demands that such a mortgage or transfer should be adjudged voidable if it is otherwise so, and that the mortgagee or transferee should be remitted to his original agreement. In this way the property at the commencement of the four months and its value may be preserved for the general creditors, and the mortgagee or transferee may retain every lawful advantage his earlier contract confers upon him. Any other course of decision opens a new and enticing way to secure preferences, nullifies every provision of the law to prevent them, and invites fraud and perjury. Hold that transfers within four months in performance of agreements to make them before that time do not constitute voidable preferences, and honest debtors would agree with their favored creditors before the four months that they would subsequently secure them by mortgages or transfers of their property, and just before the petitions in bankruptcy were filed they would perform their agreements. Dishonest men who made no such contracts might falsely testify that they had done so and thus by fraud and perjury sustain preferential transfers and mortgages made within the four months to relatives or friends. The great body of the creditors would be left without share in the property of their debtor and without remedy, and a law conceived and enacted to secure a fair and equal distribution of the property of debtors among their creditors would fail to accomplish one of its chief objects. This court will hesitate long before it approves a rule so fatal to the most salutary provisions of the bankruptcy law, and our conclusion is:

A mortgage or transfer of his property by an insolvent debtor within four months of the filing of a petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character or made valid by the fact that it was executed in perform-

ance of a contract to do so made more than four months before the filing of the petition. Wilson v. Nelson, 183 U. S. 191, 198, 22 Sup. Ct. 74, 46 L. Ed. 147; In re Sheridan (D. C.) 98 Fed. 406; In re Dismal Swamp Co. (D. C.) 135 Fed. 415, 417, 418; In re Ronk (D. C.) 111 Fed. 154; Pollock v. Jones, 124 Fed. 163, 61 C. C. A. 555; Anniston Iron & Supply Co. v. Anniston Rolling Mill Co. (D. C.) 125 Fed. 974; Johnston v. Huff, Andrews & Moyler Co., 133 Fed. 704, 66 C. C. A. 534; In re Mandel (D. C.) 127 Fed. 863. In Wilson v. Nelson, 183 U. S. 191, 198, 22 Sup. Ct. 74, 46 L. Ed. 147, the debtor had given an irrevocable power of attorney to the creditor to confess judgment many years before. Judgment was confessed under it within the four months, and the Supreme Court held it to be a voidable preference. In Re Sheridan (D. C.) 98 Fed. 406, in Re Ronk (D. C.) 111 Fed. 154, and in Re Dismal Swamp Co. (D. C.) 135 Fed. 415, 417, 418, mortgages executed within the four months in performance of agreements to give them made more than four months before the filing of the petitions in bankruptcy were held to be voidable preferences, and this view seems to be sustained by the terms of the bankruptcy act, by the more cogent reasons, and by the weight of authority. There was therefore no error in the decision below that the mortgage constituted a voidable preference, and that the limit of the vendor's preferential right was to receive the proportion of the proceeds of the sale justly attributable to the machinery and the material the ownership of which it retained.

The motion to dismiss the petition because it is alleged that it was filed too late, and because the questions in issue are not reviewable under a petition to revise, have not been considered or decided, because the same result follows from this decision upon the merits that would be reached by granting the motion. The petition must be dismissed in any event, and it is so ordered.