## VITZTHUM v. LARGE et al.

### (District Court, N. D. Iowa, W. D. June 30, 1908.)

1. COURTS—UNITED STATES COURTS—STIPULATION TO SUBSTITUTE STATE PRACTICE.

The only way of testing the sufficiency of an answer in equity as a defense to the bill is to set the cause down for hearing and final decree on bill and answer, and a federal court of equity should not permit parties to abrogate such procedure by substituting by stipulation a state practice of interposing a demurrer to the answer with leave to amend or plead further after a ruling thereon.

2. BANKRUPTCY—VOIDABLE PREFERENCE—TRANSFER OF EXEMPT PROPERTY.

Property transferred by a bankrupt to a creditor, which was exempt under the laws of the state, cannot be recovered by his trustee.

3. SAME—EFFECT OF AGREEMENT MADE BEFORE FOUR MONTHS' PERIOD.

The fact that a transfer of property by a bankrupt to a creditor to be applied on an antecedent debt, made within four months prior to the bankruptcy, was pursuant to an agreement made before the four months' period, will not prevent its recovery by his trustee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 262, 263.]

In Equity. On objections to answer.

Shull, Farnsworth & Sammis, for complainant.
Milchrist & Scott, for defendants.

REED, District Judge. This suit is by complainant, as trustee in bankruptcy of the estate of Ira E. Eldregde, bankrupt, to recover of the defendant bank and John J. Large, its cashier, the value of certain real and personal property alleged to have been transferred and conveyed to them by the bankrupt as a preference within the four months immediately preceding the bankruptcy. The answer admits that the property was transferred by the bankrupt to the bank within the four months prior to the bankruptcy to apply upon a debt then owing by him to the bank; but it alleges that a part of the property so transferred was property, or the proceeds of property, exempt to the bankrupt under the statutes of Iowa, and that the whole was so transferred pursuant to an agreement made with the bankrupt more than four months prior to the bankruptcy. The complainant filed a formal demurrer to the answer upon the ground alone that the facts alleged did not constitute a defense to the allegations of the bill. Counsel have filed a written stipulation that the demurrer may be considered as an application to set the case down for hearing upon bill and answer, and that the ruling upon the demurrer shall have the same effect as upon a demurrer to an answer in a law action, and

that either party shall have the right to further plead as he may be advised after the ruling upon the demurrer. This proceeding is quite irregular, and if stipulations like these are to be observed it will enable the parties to a suit in equity to abrogate entirely the equity rules, and require the court to proceed in equity causes as in actions at law. While the equity rules should not be so strictly enforced as to do injustice to either party, a reasonable adherence to them is necessary to orderly procedure, and to enable the court to bring the parties to final issues upon the merits. Under the practice as prescribed by the state statute, which counsel desire to have observed, a demurrer admits the allegations of the pleading demurred to for the purpose of the demurrer only, and if the demurrer is overruled, and the party demurring shall answer or reply, which he may do, the ruling on the demurrer shall not be considered as an adjudication of any question raised by the demurrer, and no pleading shall be held sufficient because of a failure to demur thereto. Code Iowa 1897, §§ 3564, 3565. Such a practice is so at variance with the equity procedure in the national courts that parties should not be permitted to introduce it into those courts to the exclusion of the procedure prescribed by the equity rules.

A demurrer to an answer in equity is unknown to the equity practice, and the only way of testing the sufficiency of an answer in equity as a defense to the bill is to set the cause down for hearing upon bill and answer. Banks v. Manchester, 128 U. S. 224–250, 9 Sup. Ct. 36, 32 L. Ed. 425; In re Sanford Fork & Tool Co., 160 U. S. 247–257, 16 Sup. Ct. 291, 40 L. Ed. 414; 1 Bates, Fed. Eq. § 216. A formal demurrer filed to an answer may, however, be treated by the court, in the absence of objections to so doing, as an application to set the cause down for hearing upon bill and answer, or as an exception to the answer for impertinence, or for failure to answer fully according as its contents may present the one or the other of these questions. If exceptions are taken for impertinence, or for failure to answer fully, and are allowed, the answer may be amended; but, if the cause is set down for hearing upon bill and answer, the allegations of the bill not denied, and of the answer, are admitted, and the cause is submitted for final decree upon the merits. In re Sanford Fork & Tool Co., 160 U. S. 247–257, 16 Sup. Ct. 291, 40 L. Ed. 414. It is obvious from the stipulation of the parties in this case that neither intended to so submit this cause, and it might work an injustice to one or the other of them to so dispose of it upon this submission.

Upon the question of the sufficiency of this answer to constitute a defense to the bill, it may be observed, however, that, if a part of the property transferred by the bankrupt to the bank was exempt, or the proceeds of exempt property, under the Iowa statute, the creditors generally would have no right thereto, nor the trustee to recover the same for their benefit. In re Eash, 157 Fed. (D. C.) 996. As to the other property, if it was transferred to the bank within the four months immediately preceding the bankruptcy, to apply upon a prior debt of the bankrupt, though in pursuance of an agreement made with him prior to said four months that he would do so, it

would seem to fall within the rule held by the Court of Appeals, this circuit, in Long v. Farmers' State Bank, 147 Fed. 360, 77 C. C. A. 538, 9 L. R. A. (N. S.) 585, and In re Great Western Mfg. Co., 152 Fed. 123–127, 81 C. C. A. 341.

In view of the manner in which the so-called demurrer has been submitted, leave is granted to each of the parties to amend his pleadings; the complainant in 15 days, and the defendants by the August rules, so that each may stand thereon if he shall be so advised.

It is ordered accordingly.