## ROY v. SALISBURY.

(Supreme Court, Equity Term, Ontario County. September 15, 1911.)

1. BANKRUPTCY (§ 161*)—PREFERENCES—WHAT CONSTITUTES A PREFERENCE.

Where a bankrupt's wife advanced money for improvements on property under an agreement that he should deed the premises to her, the conveyance of the property, in pursuance of the agreement, when made within four months of an act of bankruptcy, is an unlawful preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

2. WITNESSES (§ 143*)—COMPETENCY.

Where a bankrupt conveyed property to his son, under an agreement with his wife that, upon her advancing money, the property should be deeded to her, the wife cannot, under Code Civ. Proc. § 829, providing that one through whom a party derives his interest cannot be examined as a witness in his behalf, in an action against the committee of a lunatic as to a personal transaction between the lunatic and the witness, testify in behalf of the son; the bankrupt having since become insane.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 619–624; Dec. Dig. § 143.*]

Complaint by Wade H. Roy against George W. Salisbury, as trustee in bankruptcy for John H. Roy. Action dismissed.

Thad Collins, Jr., for plaintiff.
Earle S. Warner, for defendant.

SUTHERLAND, J. The complaint is in the nature of a bill quia timet. The premises in question were owned for many years by John H. Roy, the proprietor of a private bank in the village of Phelps, who was adjudicated a bankrupt July 12, 1910, and is now insane. Within four months prior to the filing of the petition in bankruptcy, John H. Roy conveyed the premises to his son, the plaintiff; his wife joining in the deed.

[1] There was no present consideration for the transfer, and it is sought to be supported in this action upon the theory that many years ago, while John H. Roy was the owner of the premises, his wife advanced certain moneys to him to be used in the improvement of the property upon the agreement that, in consideration of such advancement, he would deed the premises to her. That agreement was not carried out; but it is claimed by the plaintiff that his father and mother agreed, about the date of the deed, that the deed should be made to the plaintiff in lieu of or as a modification of the original contract. If this were so, nevertheless it has been held that the carrying out of such an old agreement within four months of the precipitation of bankruptcy would constitute an unlawful preference. In re Great Western Mfg. Co., 18 Am. Bankr. Rep. 259, 152 Fed. 123, 81 C. C. A. 341; Morgan v. First Nat'l Bank of Mannington, 16 Am. Bankr. Rep. 639, 145 Fed. 466, 76 C. C. A. 236.

[2] But the only evidence as to the making of the original agreement was given by the plaintiff's mother; and, because of the fact that John H. Roy was insane at the time of the trial, it seems to me

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

she is incompetent under section 829 of the Code to give such testi-mony against the trustee of her husband. Rosseau v. Rouss, 180 N. Y. 116, 72 N. E. 916.

Under the authority of that case she is a person through whom plaintiff derives his interest in the property "by assignment or other-wise," and forbidden to testify as to the transaction with her hus-band, now insane. Accordingly, the evidence of the mother in sup-port of the original contract, which was received subject to a motion to strike out, must be stricken from the record. There remains in the case no evidence, then, to support a finding concerning any such original agreement, and the deed must be pronounced invalid as to creditors.

Accordingly the action must be dismissed, with costs.