LATHROP BANK OF LATHROP, MO., v. HOLLAND.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1913.)

No. 3,815.

Bankruptcy (§ 161*)—Preferences—Chattel Mortgage—Oral Agreement to Mortgage.

Defendant bank, having promised to advance funds to a bankrupt with which to buy horses, honored the bankrupt's checks and debited them to his general account under the bankrupt's oral agreement not to dispose

of the horses purchased without the bank's consent and to give a chattel mortgage on the horses at the end of the venture. No mortgage, however, was given until the day before a petition in bankruptcy was filed, when the bank knew that the bankrupt was hopelessly insolvent, and that a preference was intended by giving of the mortgage and would result therefrom. *Held*, that the bank acquired no rights as against the bankrupt's creditors by the bankrupt's promise to mortgage, and that the mortgage subsequently executed was void as a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by Ell Holland, trustee in bankruptcy of William Francis, against the Lathrop Bank of Lathrop, Mo., to annul a voidable preference. Judgment for plaintiff, and defendant appeals. Affirmed.

John A. Cross, of Lathrop, Mo., and Vinton Pike, of St. Joseph, Mo., for appellant.

Culver, Phillip & Spencer, of St. Joseph, Mo., for appellee.

Before HOOK and SMITH, Circuit Judges.

HOOK, Circuit Judge. At the suit of the trustee in bankruptcy the District Court annulled as a voidable preference a chattel mortgage taken by the bank the day before the petition in bankruptcy was filed and decreed a recovery of the value of the mortgaged property. Regarding the mortgage alone and the immediate circumstances, there is no doubt that all the conditions of a voidable preference existed. The bankrupt was hopelessly insolvent and the bank knew a preference was intended and would result. We agree with the trial court that the pleadings and evidence establish the following facts:

When the bank honored the bankrupt's checks and debited them to his account, it made ordinary loans. The agreement that he would not dispose of the horses to be purchased without its consent, and would give it a chattel mortgage at the end of the venture, gave rise to a personal obligation, not a lien as against creditors. The time when the mortgage was to be given was indeterminate. In fact, several months elapsed between the commencement of the transactions and the giving of the mortgage. His account with the bank showed many other items, debit and credit, not claimed to be within the oral agreement. As the horses were purchased and the checks honored from time to time no present lien was reserved by the bank; it did not take title in itself, or possession, either actual or constructive. They remained under the control of the bankrupt, with full apparent power of disposition. They were bought in the name of the bankrupt, not in that of the bank, and continued his property with no visible evidence of limitation by physical custody or in the public records. If the bank had taken mortgages as the purchases were made, but had refrained from recording them, it could not have prevailed against the trustee in bankruptcy. The oral agreement for a mortgage can give no greater right. The equity claimed by the bank is not different from that of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any ordinary creditor who relies on his debtor's promise to do or not to do certain things in the future and refrains from adopting one of the various methods of protecting it.

A purpose of the bankruptcy act and of state recording statutes is to discourage secret equities. We can conceive of a series of acts so consecutively related as to be regarded as parts of one entire transaction, and, in contemplation of law, as having been done contemporaneously, and therefore secure from disruption to the prejudice of the parties by intervening bankruptcy proceedings. But this case is not of that character. It falls within In re Great Western Mfg. Co., 81 C. C. A. 341, 152 Fed. 123. See, also, Citizens' Trust Co. v. Tilt, 200 Fed. 410, 118 C. C. A. 562.

The decree is affirmed