### FIRST NAT. BANK OF COLEMAN, TEX., v. RAGSDALE.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1923.)

No. 4032.

1. Bankruptcy ⟨key⟩161(2)—Prior agreement to give security does not avoid preference.

An assignment of accounts by an insolvent debtor, within four months prior to bankruptcy, to secure an existing debt, constitutes a preference, though pursuant to an oral agreement made before the four-month period.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⬚⟶303(3)—Evidence held to sustain finding that preferred creditor knew of debtor's insolvency.**

Evidence *held* to sustain a finding that a creditor, when it received a preference, had knowledge of the debtor's insolvency.

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Suit in equity by C. T. Ragsdale, trustee in bankruptcy of A. L. Jones, against the First National Bank of Coleman, Tex. Decree for complainant, and defendant appeals. Affirmed.

J. K. Baker, of Coleman, Tex. (W. Marcus Weatherred, of Coleman, Tex., on the brief), for appellant.

Frank L. Snodgrass, of Coleman, Tex. (Snodgrass, Dibrell & Snodgrass, of Coleman, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is an appeal from a decree requiring the appellant to pay over to the trustee in bankruptcy an amount equal to that collected by it upon certain accounts payable to the bankrupt. July 24, 1920, A. L. Jones, by his agent, executed 'to the appellant bank a renewal note for $3,500. August 2, following, an attachment was issued in favor of the South Texas Lumber Company against Jones in a suit to recover $3,666 on open account, and on the next day thereafter Jones' agent executed an assignment of accounts to the bank as collateral security upon the note above referred to, but dated the assignment the same as the note. August 21 an involuntary petition was filed against Jones, and he was subsequently adjudicated a bankrupt.

It is stipulated that Jones was insolvent on July 24, 1920. The appellant introduced evidence to the effect that the assignment was made in pursuance of a pre-existing oral agreement, in which Jones agreed, more than four months before the petition in bankruptcy was filed, to assign to the bank as collateral accounts which should thereafter become due to him. Jones did not testify, but his agent testified that it had been his custom to attach accounts falling due in the future to notes in favor of the bank as evidence of and as indicating Jones' financial ability to pay his indebtedness to the bank.

The officers of the bank denied that they had knowledge of Jones' insolvency at the time the assignment was made; but this evidence was directly contradicted by the representative of the South Texas Lumber Company, who testified that the president of the bank had stated to him that, as soon as the attachment was issued, he required Jones' agent to assign accounts to secure the note to the bank. It is undisputed that there had been no previous assignments of the accounts.

[1] The assignment was for a past-due indebtedness, and was in fact a preference under section 60 of the Bankruptcy Act (Comp. St. § 9644), and voidable as such, although it was executed in pursuance of an oral agreement made more than four months before the filing

of the petition in bankruptcy. In re Great Western Mfg. Co., 152 Fed. 123, 81 C. C. A. 341; Hayes v. Gibson (C. C. A.) 279 Fed. 812, 22 A. L. R. 1372.

[2] If appellant knew, or had reasonable cause to believe, that the enforcement of the assignment would effect a preference, it was voidable by the trustee, who had the authority to recover the value of the property from the appellant. Section 60b of the Bankruptcy Act. We are of the opinion that the evidence as to the antedating of the assignment, and as to appellant's knowledge of the issuance of the attachment, is sufficient to support the conclusion, reached by the District Judge, that the appellant had knowledge or reasonable cause to believe that the enforcement of this assignment would effect a preference.

The decree is affirmed.