### In re TRAUT'S ESTATE.

### FARMERS' & MERCHANTS' SAV. BANK v. PRICE.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1924.)

No. 6482.

Bankruptcy ⬤≈161(2), 188(3)—Notwithstanding equitable lien, title passes unincumbered for benefit of creditors; mortgage executed within four-month period pursuant to prior agreement, held invalid.

Where the legal title to property remains vested in bankrupt until within four months of bankruptcy, though subject to an equitable lien created by an agreement, made prior to the four-month period, to give a mortgage thereon, under U. S. Comp. St. § 9644b, the title passes unincumbered for

⬤≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the benefit of creditors, and a mortgage executed within the four-month period, pursuant to such an agreement, is voidable by trustee.

Appeal from the District Court of the United States for the Southern District of Iowa.

In the matter of the estate of Henry Traut, bankrupt, in which Frank Price was appointed trustee. From an order disallowing as a secured debt the claim of the Farmers' & Merchants' Savings Bank, claimant appeals. Affirmed.

R. S. Galer, of Mt. Pleasant, Iowa (Galer & Galer, of Mt. Pleasant, Iowa, on the brief), for appellant.

La Monte Cowles, of Burlington, Iowa, for appellee.

Before SANBORN, Circuit Judge, and BOOTH and REEVES, District Judges.

REEVES, District Judge. From an order disallowing its claim as a secured debt, the claimant has appealed.

On the 7th day of March, 1921, Henry Traut, subsequently becoming a bankrupt, was heavily indebted to the appellant bank, and on that day agreed orally to execute a mortgage on a certain farm as security for said debt. This oral agreement was renewed from time to time until the execution and delivery of the mortgage on September 13, 1921, but the mortgage was not recorded until September 30, 1922.

An involuntary petition in bankruptcy was filed against Traut on November 28, 1921, and an adjudication made August 12, 1922. The mortgage having been executed within four months prior to bankruptcy, appellant does not base its claim thereon, but rather upon the equitable lien created, as it is alleged, by Traut's agreement of March 7, 1921.

## Opinion.

It is obvious that the legal title to the property became vested in the bankrupt long prior to bankruptcy and remained so vested until a date within four months of bankruptcy. Under such circumstances, though subject to an equitable lien created by an agreement made prior to the four months to give a mortgage thereon, yet such title would pass unincumbered for the benefit of creditors and the mortgage executed pursuant to such an agreement was voidable by the trustee under Section 9644b, U. S. Comp. Statutes, 1918. Hayes v. Gibson (C. C. A.) 279 Fed. 812, 22 A. J. R. 1372; In re New York & Baltimore Inland Transportation Co. (D. C.) 276 Fed. 145; In re Hayes v. Gibson, certiorari denied by the United States Supreme Court, 259 U. S. 581, 42 Sup. Ct. 464, 66 L. Ed. 1074; In re Pittman (D. C.) 275 Fed. 681; In re Great Western Mfg. Co., 152 Fed. 123, loc. cit. 127–128, 81 C. C. A. 341; Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147. It was said in Hayes v. Gibson, supra, that:

"While an equitable lien arising from express contract, as here, may be enforceable against the specific property embraced in the contract in the hands of the contractor and subsequent purchasers and incumbrancers with notice, it may not be enforced against prior incumbrancers or subsequent incumbrancers without notice. * * * The trustee belongs to the latter class. An agreement, made more than four months before a petition in bankruptcy

is filed, to mortgage or transfer, is in fact not a mortgage or transfer. The legal title still remains in the owner, unincumbered, at the beginning of the four months period, and stands pledged under this section of the act for the benefit of all the creditors pro rata."

To the same effect are the following: Collier on Bankruptcy (13th Ed.) vol. 2, p. 1252; Lathrop Bank v. Holland, 205 Fed. 143, 123 C. C. A. 375; In re,Smith (D.ˊC.) 176 Fed. 426.

The judgment of the court below was correct, and should be affirmed. It is so ordered.