## In re THEODOROPOULOS.

(District Court, D. Massachusetts. March 29, 1926.)

No. 35404.

Bankruptcy ⟺58—Conveyance made more than four months prior to bankruptcy held preferential, and act of bankruptcy.

A contract made by bankrupt more than four months prior to bankruptcy, by which another agreed to build houses on bankrupt's land, and bankrupt agreed that, when completed, he would pay for the same or convey the property to the second party, did not give the latter any present equitable interest in the property, and a conveyance to him pursuant to the contract, within the four-months period and when bankrupt was insolvent, was preferential, and an act of bankruptcy.

In Bankruptcy. In the matter of Theodorus Theodoropoulos, alleged bankrupt. Decree of adjudication.

Solomon Baker, of Lowell, Mass., for petitioning creditor.

Philip Samuels, of New York City, for objecting creditor.

MORTON, District Judge. The facts are as stated in the referee's report. Those essential to the present discussion may be briefly summarized: More than four months before the filing of the present bankruptcy petition against him, Theodoropoulos made a written contract with Chisholm, by which the latter agreed to furnish labor and materials in the erection of houses on the former's land, in consideration of an agreement by Theodoropoulos either to pay therefor when the houses should be completed, or, if unable to pay, to give Chisholm an absolute conveyance of them. The equity in the houses (above the mortgages) constituted Theodoropoulos' only substantial asset at the time when they were completed and he was called upon by Chisholm to make payment under

the contract. His debts then amounted to much more than the value of the equity, and he was deeply insolvent. Under these circumstances he conveyed the houses to Chisholm according to the contract, and within four months the present petition was filed, alleging the conveyance as an act of bankruptcy. The question is whether this conveyance was a preferential transfer made with intent to prefer. The learned referee has found that it was. As far as questions of fact are involved, his decision is final, the evidence not being reported.

The conveyance was obviously preferential, and known to be so by Theodoropoulos, and constituted an act of bankruptcy, unless the fact that it was made in pursuance of the pre-existing contract above referred to protects it. This depends on whether the pre-existing contract created at the time when it was made a present equitable interest in Chisholm in the property specified. A mere agreement to give security stands on no higher plane than an agreement to pay a debt, and it does not validate a conveyance which would otherwise be preferential. "An agreement to mortgage or to transfer is not a mortgage or a transfer. The title remains in the owner, unincumbered by the mortgage, until the mortgage or transfer is effected. When the agreement is made before, and the mortgage or transfer within, the four months, the title stands unincumbered by the latter at the commencement of the four months, and the proceeds of that title are pledged under the Bankruptcy Law for the benefit of all the creditors pro rata." Sanborn, J., In re Great Western Mfg. Co., 152 F. 123, at page 127, 81 C. C. A. 341, 345 (C. C. A. 8th Cir.). "A mere promise, though of the clearest and most solemn kind, to pay a debt out of a particular fund, is not an assignment of the fund, even in equity. To make an equitable assignment, there should be such an actual or constructive appropriation of the subject-matter as to confer a complete and present right in the party meant to be provided for, even where the circumstances do not admit of its immediate exercise." Gray, J., Smedley v. Speckman, 157 F. 815, at page 819, 85 C. C. A. 179, 183 (C. C. A. 3d). See, too, Remington on Bankruptcy (3d Ed.) §§ 1714, 1775 et seq.; Collier on Bankruptcy (13th Ed.) pp. 1252 to 1255.

Applying these principles to the facts found, the decision turns on whether the agreement of June 20, 1925, gave Chisholm a present equitable interest in the real estate referred to. It seems clear that it did not.

By it the owner (Theodoropoulos) agrees (in the alternative) that he will pay or convey the property. This was a mere promise to pay in one way or another. It was not the intention of the parties that Chisholm should thereby acquire any present interest in the property, and the contract did not have the effect of giving him any.

The act of bankruptcy is proved. Let there be a decree of adjudication.