[No. 21318. Department One. November 22, 1928.]

W. B. Nickerson *et al., Appellants,* v. Earl Hollet
*et al., Defendants,* National Bank of Golden-
dale, *Intervener and Respondent.*[1]

*Ward & Brodie,* for appellants.
*Brooks & Brooks,* for respondent.

Tolman, J.—Appellants, as plaintiffs, began this
action to recover from the defendants upon a certain
claim or account which they alleged had been assigned
to them. There is no dispute about the amount of the
claim or that it was owing to someone.

Respondent intervened, claiming the same account,
or chose in action, by assignment to it, and after a
trial to the court, findings of fact were made in its
favor upon which a judgment was entered. From that
judgment the plaintiffs have appealed.

The primary and controlling question is one
of fact. It is admitted that there was no written or
legal assignment of the claim to the appellants, but it
is contended that the facts warrant a holding that
there was an equitable assignment.

The law as to what constitutes an equitable assign-
ment is not in doubt, and is well stated as follows:

[1]Reported in 272 Pac. 53.

"In order to work an equitable assignment there must be an absolute appropriation by the assignor of the debt or fund sought to be assigned to the use of the assignee. The intention of the assignor must be to transfer a present interest in the debt or fund or subject matter; if this is done the transaction is an assignment; otherwise not." 5 C. J. 909.

"The assignor of a chose in action must part with the power of control over the thing assigned; if he retains control it is fatal to the claim of the assignee." 5 C. J. 912.

See, also, *Hossack v. Graham,* 20 Wash. 184, 55 Pac. 36.

While the evidence is not free from conflict, yet it rather clearly appears that the assignor did not part with control over the account in question, and that the assignees did not even assume to exercise control over it until after the written assignment had been made to the bank, and that no present interest passed to them. The trial court so found, and further found that there was here nothing more than an expressed intention to pay out of a particular fund.

We think the evidence supports these findings and therefore the judgment is affirmed.

Fullerton, C. J., Mitchell, Holcomb, and Beals, JJ., concur.