CITIZENS' TRUST CO., OF PATERSON, N. J., et al. v. TILT.

(Circuit Court of Appeals, Third Circuit. December 2, 1912.)

No. 1,670.

BANKRUPTCY (§ 177*)—PREFERENCES—RECOVERY.

A transfer of securities by a bankrupt to a creditor within four months prior to bankruptcy, and with notice of facts that would incite a man of ordinary prudence to inquire as to the insolvency of the debtor, was none the less a preference because it was made pursuant to a prior agreement existing for a period antedating the four months prior to bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261-263; Dec. Dig. § 177.*]

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Suit by Edgar M. Tilt, trustee in bankruptcy of the Smith Lumber Company, against the Citizens' Trust Company, of Paterson, N. J., and another. Decree for plaintiff (191 Fed. 441), and defendants appeal. Affirmed.

F. W. Van Blarcom and Clifford L. Newman, both of Paterson, N. J., for appellants.

Esselstyn & Haughwout, of New York City, for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. This is an appeal by the efendants, the Citizens' Trust Company et al., from a decree entered in the United States District Court for the District of New Jersey, on December 7, 1911, in favor of the complainant, Edgar M. Tilt, trustee in bankruptcy of the Smith Lumber Company. The bill alleged that the Smith Lumber Company, while insolvent, made preferential payments and transfers of securities and other property to the defendants, and that the defendants had reasonable cause to believe that, at the time the payments and transfers were made, the Smith Lumber Company was insolvent, and that preferences, within the meaning of the bankrupt law, were intended to be given. The case turned principally on a question of fact, whether the defendant, the Citizens' Trust Company, of Paterson, as a creditor of the bankrupt, took security within four months prior to the bankruptcy, with notice of facts that would incite a man of ordinary prudence to inquire as to the insolvency of the debtor. This question was decided in favor of the plaintiff, trustee in bankruptcy. It was also decided that the fact that this transfer of securities was made pursuant to a prior agreement made more than four months before the bankruptcy, was not sufficient to deprive the taking of the security within the four months before the bankruptcy, of its character as a voidable preference.

A careful consideration of the oral argument, as well as of that contained in the elaborate briefs on both sides, convinces us that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case was properly dealt with in the court below, and that we can add nothing to the discussion of the facts and the law contained in the clear and well-considered opinion of that court. Upon that opinion, as found in 191 Fed. 441, we affirm the decree of the court below.