## HAYES v. GIBSON.

### In re NEW YORK & BALTIMORE INLAND TRANSP. CO.

(Circuit Court of Appeals, Third Circuit. March 4, 1922.)

No. 2807.

1. **Bankruptcy ⊙⊃188(3)—Equitable lien held subordinate to rights of trustee.**

   An agreement to give a mortgage is not a mortgage, and where such an agreement, made more than four months before a petition in bankruptcy was filed, was unexecuted at that time, the legal title to the property remained in the bankrupt, and under Bankruptcy Act, § 47a (2), as amended (Comp. St. § 9631a), giving the trustee the rights of a creditor holding a lien by legal or equitable proceedings, his right is superior to that of the holder of the equitable lien.

2. **Bankruptcy ⊙⊃161(2)—Mortgage given by insolvent within four months of bankruptcy not valid, because executed pursuant to prior agreement.**

   A mortgage given by an insolvent debtor within four months of bankruptcy, otherwise voidable by the trustee under Bankruptcy Act, § 60b (Comp. St. § 9644), is not validated by the fact that it was executed in, performance of a contract made more than four months before the bankruptcy.

3. **Bankruptcy ⊙⊃161(2)—Mortgage held voidable as a "transfer of property."**

   Where the legal title to property became vested in bankrupt within four months prior to bankruptcy, though subject to an equitable lien created by an agreement made prior to the four months to give a mortgage thereon, it took such title unincumbered for the benefit of its creditors, and a mortgage executed pursuant to the agreement *held* a transfer of its property not for a present consideration, which, where it operated as a preference of the mortgagee, was voidable by the trustee under Bankruptcy Act, § 60b (Comp. St. § 9644).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transfer.]

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

In the Matter of the New York & Baltimore Inland Transportation Company, bankrupt; Joseph Chester Gibson, trustee. Thomas H. Hayes appeals from a decree affirming an order of the referee. Affirmed.

For opinion below, see 276 Fed. 145.

Certiorari denied 257 U. S. ——, 42 Sup. Ct. 464, 66 L. Ed. ——.

Thomas F. Bayard and Robert Pennington, both of Wilmington, Del., and W. Thomas Kemp, of Baltimore, Md., for appellant.

Caleb S. Layton, of Wilmington, Del., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court affirming an order of the referee holding that the title of the trustee in bankruptcy to certain personal property in his custody was superior to that of Thomas H. Hayes, equitable lienor and mortgagee. On November 13, 1919, Mr. Hayes entered into a written agreement with the New York & Baltimore Inland Transportation Company, a corporation created under the laws of the state of Mary-

land. He agreed to advance to the corporation $73,000 to be used from time to time by it in paying outstanding liens against its property, including nine barges and four tugs. The money was to be paid as the claims became due and were approved by the officers of the company, and when paid they were to be assigned to Mr. Hayes. The company agreed to liquidate and dissolve immediately under the jurisdiction of a court of equity of Baltimore City. After paying all claims, if any balance of the $73,000 remained, it was to be paid to the company, which, on the other hand, was to pay any deficiency, if any existed, after exhausting the $73,000, and to assign to Mr. Hayes all its property upon the delivery to it of $90,000 of the preferred stock and $25,000 of the common stock of a corporation to be organized by Mr. Hayes under the laws of Delaware, with a capital of $100,-000, 7 per cent. cumulative preferred stock and $200,000 common stock. The property assigned to Hayes was to be transferred to the Delaware Company, which thereafter was to issue as security to him "a $100,000 first mortgage 7 per cent. bond issue" against its property.

On March 19, 1920, the $73,000 having been advanced, the circuit court of Baltimore City dissolved the Maryland Company and directed the receiver to transfer the barges and tugs to Hayes or his nominee, the Delaware Company, upon delivery to the receiver of the $90,000 preferred stock and $25,000 common stock. The Delaware Company having been formed in accordance with the agreement, on March 20, 1920, at a special meeting of the board of directors, a resolution was passed authorizing it to purchase from the receiver of the Maryland Company the property in question, including the barges and tugs, and "all of said property being subject to liens thereon in favor of Thomas H. Hayes, * * * said liens aggregating the sum of $100,000." The issue of $90,000 preferred stock, $25,000 common stock, and the $100,000 first mortgage 7 per cent. bond issue was ordered in the resolution.

The tugs and barges were delivered to the Delaware Company on or about March 20, 1920, but not the bills of sale, and so on August 20, 1920, Mr. Hayes, who had become president of the Delaware Company, wrote for them. They were received three days later, and on the same day the bills of sale for the barges and tugs and the $100,000 first mortgage were executed by the Delaware Company and delivered to Mr. Hayes. These were recorded in the custom house at Baltimore on September 3, 1920. On September 14, 1920, the Delaware Company filed a voluntary petition in bankruptcy, and was on that day adjudicated a bankrupt. All the barges and tugs were seized and sold under maritime liens in the several jurisdictions where found. After payment of the various liens out of the amount received from the sales, a balance of $27,640.31 was left in the hands of the trustee in bankruptcy. This fund is claimed by both Mr. Hayes and the trustee.

The superiority in title is the sole question here in issue. The referee in bankruptcy held that the title of the trustee was superior to that of Mr. Hayes. The learned trial judge of the District Court, in a well-reasoned opinion, sustained the conclusion of the referee, and the case is here on appeal from the decree of that court.

[1] The appellant bases his title upon an equitable lien and a chattel mortgage. The court below found that the facts hereinbefore stated created an equitable lien on the boats in favor of the appellant more than four months before the petition in bankruptcy was filed. Walker v. Brown, 165 U. S. 654, 664, 17 Sup. Ct. 453, 41 L. Ed. 865; Pomeroy's Equity Jurisprudence (14th Ed.) § 1235. Both parties agree to the correctness of this conclusion. Prior to the amendment of 1910, and now under section 70 of the act (Comp. St. § 9654), the trustee in bankruptcy upon his appointment and qualification is vested by operation of law with the title of the bankrupt; but, as Judge Rellstab said in case of In re Shelly (D. C.) 235 Fed. 311, 313, he "is no longer pinched by the close fitting shoes in which he was theretofore said to stand. He now has the more serviceable footing of a judgment creditor holding an execution duly returned unsatisfied, or a creditor holding a lien by legal or equitable proceedings," as of the date the petition was filed. Section 47a (2) of the act of 1898 (Comp. St. § 9631); Border National Bank v. Coupland, 240 Fed. 355, 153 C. C. A. 281; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 275, 36 Sup. Ct. 50, 60 L. Ed. 275.

In a contest between the trustee, having such a standing, and the equitable lienor, who has the superior title? While an equitable lien arising from express contract, as here, may be enforceable against the specific property embraced in the contract in the hands of the contractor and subsequent purchasers and incumbrancers with notice, it may not be enforced against prior incumbrancers or subsequent incumbrancers without notice. In re Ronk (D. C.) 111 Fed. 154; Morgan et al. v. First National Bank of Mannington et al., 145 Fed. 466, 76 C. C. A. 236; Moore v. Green et al., 145 Fed. 472, 479, 76 C. C. A. 242. The trustee belongs to the latter class. An agreement, made more than four months before a petition in bankruptcy is filed, to mortgage or transfer, is in fact not a mortgage or transfer. The legal title still remains in the owner, unincumbered, at the beginning of the four months period, and stands pledged under this section of the act for the benefit of all the creditors pro rata. In re Great Western Manufacturing Co., 152 Fed. 123, 127, 81 C. C. A. 341. If the Delaware corporation had on March 20, 1920, given Hayes a mortgage, which had remained unrecorded, this would not have prevailed against the rights and remedies of the trustees since the amendment of 1910. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 649, 36 Sup. Ct. 466, 60 L. Ed. 841.

[2] The second ground upon which Hayes bases his claim to the fund is his mortgage executed and delivered by the corporation, pursuant to the agreement of November 13, 1919, 10 days before the petition in bankruptcy was filed. The equitable lien crystallized into the mortgage, and it should become effective as of the date of the lien, and not the date of the actual execution. The trustee, on the contrary, contends that the mortgage is voidable as a preference under section 60b (Comp. St. § 9644), which provides, inter alia, that if a bankrupt shall have made a transfer of any of his property within four months before the filing of the petition in bankruptcy, and the bankrupt be insolvent, etc., it shall be voidable by the trustee. The necessary elements of a voidable preference are admittedly present,.

unless the mortgage is saved by the fact that it was the consummation of the agreement of November 13, 1919. In other words, since the mortgage was the fulfillment of the agreement long antedating the four months period, was this a transfer within the meaning of this section of the act? It has been held in this circuit, in the Eastern District of Pennsylvania, in the District of New Jersey, and in this court that a transfer made within the four months period pursuant to an antecedent agreement is within the inhibition of the act. In re Sheridan et al. (D. C.) 98 Fed. 406; Tilt v. Citizens' Trust Co. (D. C.) 191 Fed. 441, affirmed in 200 Fed. 410, 118 C. C. A. 562.

This precise question has been passed upon in other circuits with the same conclusion as reached in this. Moore v. Green et al., supra. In the Tilt Case, Judge Cross quoted the following from Judge Sanborn of the Eighth Circuit Court of Appeals who wrote the opinion in the Great Western Manufacturing Co., 152 Fed. 123, 127, 81 C. C. A. 341, 345:

"A mortgage or transfer of his property by an insolvent debtor within four months of the filing of a petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character or made valid by the fact that it was executed in performance of a contract to do so made more than four months before the filing of the petition."

This conclusion is supported by the Supreme Court in the case of Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147. In that case, long prior to the four months period, Nelson gave a note attached to which was a power of attorney, with authority to confess judgment; but judgment was not confessed until within the four months period. It was held that the judgment and execution thereon was a preference "suffered or permitted" within the meaning of the act. This conclusion completely ignores, appellant says, all his antecedent rights.

[3] The trustee's position is untenable, it is contended, because the execution of the mortgage was not a transfer within the meaning of section 60b, and was for a "present consideration" within the meaning of section 67d (Comp. St. § 9651). True it is that Hayes had property rights in the boats before the four months period began. These rights remained during that period, subject, however, to any superior rights created by the operation of the Bankruptcy Law. At the commencement of the four months period, the only claim against the barges and tugs was an equitable lien arising out of the contract. The Delaware corporation took legal title to them within the four months period, impressed with this lien; but at the same time it held that title unincumbered for the benefit of creditors. When it executed the mortgage, it withdrew a portion of the value of that title and transferred it to Hayes. This was a "transfer," within the meaning of section 60b. In re Great Western Manufacturing Co., supra.

The consideration for the transfer was not anything then presently received by the Delaware corporation. It was the satisfaction and discharge of the equitable lien in pursuance of the agreement of November 13, 1919. The consideration was the long antecedent advancement of the $73,000. So the mortgage was a transfer made not for a "pres-

ent consideration." Johnston v. Huff, Andrews & Moyler Co., 133 Fed. 704, 66 C. C. A. 534; In re Dismal Swamp Contracting Co. (D. C.) 135 Fed. 415. This brought the transaction within the inhibition of the provisions of section 60b and 67d of the act.

But this conclusion cannot prevail under section 47a (2), appellant says, because the transfer took place before the petition in bankruptcy was filed, and the amendment of 1910, investing the trustee with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, does not give him such status prior to that time. In support of this proposition he cites Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, and Martin v. Commercial Bank, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441. The cases establish that—

'The status of the trustee as a creditor holding a lien exists as of the date of the filing of the petition, and is not retroactive as regards the prior four months period."

The conclusion is then drawn that, prior to the filing of the petition, during the four months period, the transfer is not voidable by the trustee. Section 60b provides that if the bankrupt, being insolvent, shall have made a transfer of any of his property within four months before the filing of the petition in bankruptcy, and the transfer operate as a preference and the person receiving it shall have reasonable cause to believe that the enforcement of the transfer would effect a preference, it shall be voidable by the trustee.

Do the cases cited nullify the practical operation of this section as amended? for that is the effect of the contention. All that Bailey v. Baker Ice Machine Co. decides is that the conditional sale between the Baker Ice Company and the bankrupt was good and as between them the title remained in the vendor, so that when the conditional sales contract, which was executed before the four months period began, but was recorded afterward, the bankrupt estate was not diminished, under the Kansas statute, by recordation. The contract under the Kansas law was void as against a creditor of the vendee who fastened a lien upon the property by execution, attachment, or like legal process, before the contract was filed for record. Gen. Stat. 1909, § 5237; McVay v. English, 30 Kan. 368, 371, 1 Pac. 795; Dixon v. Tyree, 92 Kan. 137, 139, 139 Pac. 1026. But no creditor of the vendee at the time the petition in bankruptcy was filed had fastened a lien upon the property, and there was no one represented by the trustee or with whose "rights, remedies and powers," he was deemed to be vested who could attack the contract, and the trustee, therefore, could not do so. The title, consequently, still stood in the vendor, where it had always been. The case would have been different if title, at any time, had been in the bankrupt. The property before the court stood just as if it had never been conditionally sold. If, however, title to the property had been in the bankrupt during the four months period, as it was in the instant case, title would have vested in the trustee as of the time the petition was filed, and the transfer would have been voidable by him under section 60b.

In the case of Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, there was a conveyance by deed of real estate more than four months before the petition in bankruptcy was filed, but the deed was recorded within that period. The statute of Ohio, where the real estate was located, providing for recording deeds conveying real estate, declares that—

"Until so recorded or filed for record, they shall be deemed fraudulent so far as relates to a subsequent bona fide purchaser having, at the time of the purchase, no knowledge of the existence of such former deed or instrument." Section 8543, General Code of Ohio.

The question before the court was: What was meant by the word "required," in section 60b, providing that the transfer of an insolvent's property is voidable by the trustee if the transfer is recorded within four months of the filing of the petition, "if by law recording or registering thereof is required"? It had been held in the Sixth, Seventh, and Eighth circuits that the word "required" referred to the character of the instrument giving the preference, without regard to the persons in whose favor the requirement is made. In the Second, Fifth, and Ninth circuits the opposite conclusion had been reached, and in this case the Supreme Court held that the word "required" referred, not to the character of the instrument, but to particular persons, certain designated creditors, for whose benefit recording was made necessary, "and in whose behalf or in whose place, the trustee is entitled to act," and since a "subsequent bona fide purchaser having, at the time of the purchase, no knowledge of the existence of such former deed or instrument," is not within the class of persons for whose benefit recording was imposed, the recording within four months of filing of the petition in bankruptcy was not a transfer within the meaning of the statute within that period, and so it could not be avoided by the trustee, representing creditors, and not subsequent bona fide purchasers. He had no one of the class for whom recording was required to represent. In the case at bar the trustee has such persons to represent, and so the transfer is voidable by him.

In the case of Martin v. Commercial National Bank, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441, a mortgage was executed more than four months before the petition in bankruptcy was filed, but was recorded only one day before. Section 3260 of the Georgia Code of 1910, the state in which the transaction occurred, provides that mortgages not recorded within the time required remain valid as against the mortgagor, but invalid against a lien creditor who fixes a lien on the property before recording takes place. No creditor had fastened a lien on the property before recording. The trustee represented no one who actually held rights superior to the mortgage while it was off the record, and so the claim based upon the mortgage was allowed as preferred.

The case under consideration differs from those cited, in that the trustee represented creditors for whose benefit recording was "required," and, the mortgage not having been recorded within four months prior to the filing of the petition in bankruptcy, the transfer

was voidable by him. These cases and others cited do not support the proposition for which they were cited.

We see no ground for disturbing the decree of the District Court, and it is affirmed.