## CORNEY v. SALTZMAN et al.

Circuit Court of Appeals, Second Circuit.
November 1, 1927.

No. 12.

**1. Corporations ⬅=123(7)—Where stock of corporation was given as collateral security for payment of corporation's note, payee merely had pledge of stock, and not ownership.**

Where stock of corporation was given as collateral security for payment of note executed by corporation, payee, by obtaining capital stock and accompanying corporate papers, possessed no title to corporation's assets, but he had merely a pledge for securing payment of notes, and possession of stock did not convey ownership, and gave no power to use stock as his own.

**2. Corporations ⬅=283(1)—Officers of corporation, elected by pledgee of stock, could not lawfully sign deed of corporation's property.**

Where stock of corporation was pledged as collateral security for note executed by corporation, pledgee had no power to use stock as his own for purpose of calling stockholders' meeting or electing new board of directors, and officers of corporation chosen at such election could not lawfully sign deed of corporation's property, and deed executed by them was invalid.

**3. Mortgages ⬅=28—While agreement to make mortgage may give rise to equitable lien, regard must be had for rights of creditors.**

Agreement to make mortgage may not be regarded as mortgage or transfer, and while such an agreement may give rise to an equitable lien, and be enforceable by the original parties, regard must be had for rights of third parties or creditors.

**4. Bankruptcy ⬅=188(3)—Equitable lien arising from agreement to make mortgage is enforceable, even against trustee in bankruptcy, if agreement confined security to specific res.**

Equitable lien arising from an agreement to make a mortgage is enforceable, even against a trustee in bankruptcy, if lien arises out of an agreement which confines security to a specific res and purports to give an absolute present right.

**5. Bankruptcy ⬅=161(2)—Mortgage by insolvent debtor within four months of petition in bankruptcy is voidable preference, although executed pursuant to contract made more than four months before (Bankr. Act, § 60a [11 USCA § 96]).**

Under Bankruptcy Act, § 60a (11 USCA § 96), making voidable a transfer by bankrupt while insolvent, a mortgage or transfer of property by an insolvent debtor within four months of filing of petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character, or made valid, by fact that it was executed pursuant to contract to do so made more than four months before filing of petition.

**6. Bankruptcy ⬅=161(2)—Transfer by insolvent corporation within four months period, pursuant to promise made prior thereto, was ineffective as of day promise was made, since mortgage could not be recorded retroactively (Bankr. Act, § 67a [11 USCA § 107]).**

Conveyance of land by insolvent corporation within four months before filing of petition in bankruptcy, made pursuant to promise made prior thereto and at time when consideration passed, was ineffective as a mortgage securing a corporation's note as of day promise was made, since, under Bankruptcy Act, § 67a (11 USCA § 107), mortgage could not be recorded under circumstances as retroactive in effect.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Clarence Corney, as receiver in bankruptcy of the Massel Realty Corporation, to set aside a transfer by deed, against Moses Saltzman and others, in which said defendant filed a counterclaim. From a decree for said defendant on his counterclaim, plaintiff appeals. Reversed.

David Haar, of New York City, for appellant.

Hovell, McChesney & Clarkson, of New York City (Sidney A. Clarkson, of New York City, of counsel), for appellee Saltzman.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The Massel Realty Corporation, a New York corporation, was petitioned in bankruptcy on November 19, 1925. On May 27, 1925, it owned two parcels of land, and on that day borrowed from the appellee Saltzman $5,500, agreeing to pay it back in installments of $500 a month. Notes were delivered as evidence of the debt, and there was given as collateral security for its payment the capital stock of the corporation, consisting of 250 shares, which were owned by the officers of the corporation. The first note fell due August 10, 1925, and was paid; the remaining notes were not paid. On October 6, 1925, the corporation executed and delivered deeds of these properties. Later they were conveyed to the appellee, Schneiderman, who subsequently reconveyed them to the appellee Saltzman. The transfer to Schneiderman was on November 20, 1925. The deed recites the consideration to be $100, which, in point of fact, was not paid.

In addition to the capital stock, there was also delivered in furtherance of the security a waiver of the notice of a special meeting of the stockholders of the bankrupt

to be held May 27, 1925, and a resolution adopted at this special meeting expressing the authority for pledging the stockholders' stock and the seal of the corporation "and all of the real estate now owned by the Massel Realty Corporation"; also making all unpaid notes due immediately upon the nonpayment of any of them. This resolution was signed by the president and secretary. There is no authority in the resolution to mortgage the company's property as security for the loan. There was also delivered a stockholders' consent that the "corporation may pledge the real estate of the corporation; * * * said pledge is to be dated the 27th day of May, 1925, * * * as security for the payment of a loan," etc. There was also a consent of two-thirds of the stockholders, authorizing the borrowing of the money and the "execution and delivery by said corporation of its bond * * * and its mortgage. * * * The consent does not refer to a bond. The resolution or waiver of the special meeting refers to neither bond nor mortgage. No bond or mortgage was ever executed, delivered, or recorded.

[1, 2] The appellee Saltzman made the plea below, as he does here, that he has an equitable lien to the extent of the indebtedness, and asks to treat the deed as a mortgage and the lien thereof as of May 27th, and not a conveyance in fee of the real property. By thus obtaining the capital stock and the accompanying corporate papers, Saltzman possessed no title to the corporation's assets. What he had was a pledge for securing the payment of his notes. Possession of the stock did not convey ownership. It gave no power to use the stock as his own, either for the purpose of calling a stockholders' meeting or electing a new board of directors. He could not be elected president by a vote of this stock, as he attempted. By such election of officers of the corporation, they could not lawfully sign a deed of the corporation's property. The deed was held to be invalid below, and with this we agree.

[3, 4] The promises of the parties on May 27th, together with the pledges, might have created an equitable lien for Saltzman's benefit or protection; but the deed, declared below to be effectual as a mortgage, was made by the corporation within four months of November, 19, 1925, the date the petition in involuntary bankruptcy was filed. When executed and delivered on October 6, 1925, the corporation was insolvent. It is argued that the agreement to make the mortgage was as of May 27, 1925, and, since the deed was later made, it should be regarded as a mortgage, because

the parties intended it as such, and that equity will regard that done which ought to be done, and which is agreed to be done. But the agreement to make a mortgage may not be regarded as a mortgage or transfer. While such an agreement may give rise to an equitable lien and be enforceable between the original parties, regard must be had for the rights of third parties or creditors who, as here, are represented by the trustee in bankruptcy. The lien is enforceable, even against a trustee, if the lien rises out of an agreement which confines the security to a specific res and purports to give an absolute present right. Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995. Though the equitable lien is enforceable against the res in a contest between the original parties, its operation where third parties are involved is limited. Jones on Liens (3d Ed.) § 77.

The question we have for decision is not whether an agreement to execute a mortgage on this specific property in the future constitutes an equitable lien, but rather whether, conceding that such a lien is created by what the parties promised and did, the lien is enforceable as against the trustee in bankruptcy. Does the taking of possession under the alleged equitable lien relate back to the date of the original agreement and become enforceable as against the trustee, although the possession was taken by the instrument of deed within the four months preceding bankruptcy? The courts have held that an agreement to mortgage in the future, as here, does not give priority as against the trustee, even though the mortgage was actually executed within the four months period. In re Traut's Estate, 297 F. 458 (C. C. A. 8th); Hayes v. Gibson, 279 F. 812, 22 A. L. R. 1372 (C. C. A. 3d); Grandison v. National Bank of Commerce, 231 F. 800 (C. C. A. 2d); Citizens' Trust Co. v. Tilt, 200 F. 410 (C. C. A. 3d); In re Great Western Mfg. Co., 152 F. 123 (C. C. A. 8th).

Section 60a of the Bankruptcy Act (11 USCA § 96) makes voidable a transfer by the bankrupt while insolvent, if such transfer will enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. It is when the transfer is made that the effect upon the rights of creditors takes place and becomes known, and not when the agreement to make the transfer is entered into. In Grandison v. National Bank, supra, we considered an agreement to assign accounts, made before the four months period, but which agreement was formally executed within that time. It was there contended that,

when the assignment of the accounts was made, for all purposes it dated back to the time of the agreement to give the assignment as there indicated by the resolution of the board of directors of the bankrupt. We held that, even though the adoption of the resolution antedated by three days the four months period, the resolution was not an assignment of the accounts, but merely an authorization of an assignment, and that the instrument executed within the four months was controlling, and that it was ineffectual, because it granted a preference. In re Great Western Mfg. Co., supra, it was held, in the Eighth Circuit Court of Appeals, that a mortgage or transfer of property by an insolvent debtor within four months of the filing of a petition in bankruptcy against him, which otherwise constituted a voidable preference, was not deprived of that character or made valid by the fact that it was executed in performance of a contract to do so made more than four months before the filing of the petition.

In Wilson v. Nelson, 183 U. S. 191, 22 S. Ct. 74, 46 L. Ed. 147, the Supreme Court announced that a note, attached to which was a power of attorney with authority to confess judgment, but which judgment was not confessed until within the four months period, was suffering or permitting a preference within the meaning of section 60 of the Bankruptcy Act. In re Traut's Estate, supra, an oral agreement was made to execute a mortgage on a farm as security for a debt. The promise was renewed from time to time, but not finally delivered or recorded until within the four months period when a petition in bankruptcy was filed. The claim advanced there was, not that the mortgage was good as such, but that an equitable lien was created in favor of the creditor. But the court held that though subject to an equitable lien created by an agreement, made prior to the four months period, to give the mortgage title thereon, yet such title would pass unincumbered for the benefit of creditors and the mortgage executed pursuant to such agreement was voidable by the trustee under section 9644, U. S. Compiled Stat. 1918 (11 USCA § 96). The same rule was announced in Hayes v. Gibson, supra, in the Third Circuit.

[5] Therefore a mortgage or transfer of property by an insolvent debtor within four months of the filing of the petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character or made valid by the fact that it was executed pursuant to a contrac-

tual obligation to do so, made more than four months before the filing of the petition in bankruptcy.

Section 67a of the Bankruptcy Act (11 USCA § 107) eliminates liens against a bankrupt's estate, which, but for want of record or other reasons, would have been valid liens as against the claims of creditors of the bankrupt. It forbids the holder of an instrument who might have had a lien, if he had recorded it before the bankruptcy, to acquire such a lien by recording it afterwards. It gives the trustee a better title than the bankrupt possessed. Congress intended that the creditors of a bankrupt, whether or not they have liens, are entitled to know the bankrupt's financial standing, and a creditor who fails to record his mortgage, or to have one executed at the time of the passing of the consideration, shall not have a fictitious credit. The statute forbids such lienor to come in afterwards and claim for himself the property of which he has allowed the bankrupt to appear to be the absolute owner.

[6] This transfer, made while the corporation was insolvent within the four months period, even though it was pursuant to a promise made prior thereto and at a time when the consideration passed, is ineffective as of the day the promise was made, for the mortgage may not be recorded under these circumstances as retroactive in effect, and as of the day when the agreement to give the security was made.

The District Court is instructed to enter a decree canceling the deeds, for they are a cloud upon the title of the property alleged to be conveyed, and directing that the trustee hold the property unincumbered by reason of this asserted equitable lien.

Decree reversed.