## JOHNSON v. BURKE MANOR BLDG. CORPORATION et al.

### No. 4419.

Circuit Court of Appeals, Seventh Circuit.

April 13, 1931.

1032

Millard R. Powers, of Chicago, Ill., for appellant.

Adolph S. Froehlich and Edmund W. Froehlich, both of Chicago, Ill., for appellee Burke Manor Bldg. Corporation.

Sylvanus George Lee, of Chicago, Ill., for appellee Wenzel.

Before ALSCHULER and SPARKS, Circuit Judges, and FITZHENRY, District Judge.

FITZHENRY, District Judge.

Appellant's bill, to recover a preference, was dismissed for want of equity by the District Court. The Burke Manor Building Corporation owned, and leased to the bankrupt, a hotel property. In the lease there was a conveyance to the building corporation of all the furniture, furnishings, fixtures, and other equipment, and all renewals or replacements thereof, installed by the lessee, as security and pledge to the building corporation that the hotel company would meet its obligations under the lease. The hotel company defaulted in the payment of its rent after July 1, 1928.

The building corporation sued and recovered judgment for the rent for the months of July, August, and September. In November it instituted a second suit for rent, for the months of October and November, and also recovered a judgment. A creditors' bill was filed in the superior court of Cook county. On December 15, 1928, the Union Bank of Chicago was appointed receiver.

Prior thereto, October 10, 1928, a bill was filed in the superior court of Cook county by the building corporation against the hotel company and Erwin L. Wenzel to establish and foreclose its contract or equitable lien upon the pledged property of the hotel company in the leased premises. The receiver attempted to operate the hotel business, found it unprofitable, and, on February 2, 1929, petitioned the superior court for leave to cease operation of the business.

On February 4, 1929, the building corporation, appellee, filed its sworn petition in the creditors' suit, reciting its lease and the provisions thereof, the default of the hotel company, and the pendency of the foreclosure suit instituted October 10, 1928, and prayed that it be awarded the possession of the property, both real and personal, in the hands of the receiver. Both the receiver and the hotel company were ruled to answer the petition and duly served with notice. Later, the hotel company filed its demurrer thereto, which was overruled, and on February 14, 1929, the receiver was ordered by the court to deliver possession of the real and personal property in question to the building corporation.

On March 18 following, the master to whom had been referred the foreclosure suit filed his report, sustaining the contentions of the complainant therein in every particular. Three days thereafter, March 21, 1929, the petition in bankruptcy herein was filed. A temporary restraining order was issued by the referee, restraining the further prosecution of the foreclosure proceeding, which was later dissolved, and the foreclosure suit set for hearing in the superior court October 10, 1929. Appellant was elected trustee in bankruptcy.

The day prior to the hearing, appellant's bill in this case was filed in the District Court. An injunction, preventing the further prosecution of the foreclosure suit in the superior court, was prayed, and a motion for a temporary injunction was argued, but no order was made thereon. The foreclosure suit went to a hearing, and on October 15, 1929, a final decree was entered therein, declaring the lien of the building corporation and ordering a sale of the property to satisfy it, holding that the lien was superior to all liens, rights, titles, and interest in the property involved of the hotel company or Erwin L. Wenzel, and all parties claiming by, through, or under them, or either of them, and ordering that a sale be made; that the Wenzel chattel mortgage be set aside and the defendants and all persons claiming by, through, or under them, or either of them, subsequent to the commencement of this suit, be forever barred and foreclosed of and from any right, title, or equity of redemption or claim of, in, and to the property sold. The sale took place, the property was purchased by the building corporation, and the sale approved by the court.

October 21, 1929, the building association filed its answer to appellant's bill in this case, denying the jurisdiction of the court, and reciting the facts substantially as above outlined, and subject to its reservation upon the question of jurisdiction.

The lease in question was executed August 14, 1925. The bankrupt hotel company was organized July 25, 1925. The building involved and contracted for under the lease was completed early in 1927. There were some claims of breaches by the respective parties, but on March 10, 1927, a definite written agreement was entered into, settling all controverted questions, and the hotel company went into possession of the building and furnishings, as contemplated under the contract.

Appellee Erwin L. Wenzel was the controlling spirit and president of the hotel company from its beginning, and later, prior to September 12, 1928, became the sole equitable owner of the entire capital stock of the hotel company. The master in the superior court case, the foreclosure suit, found that Wenzel ordered his brother, the manager of the hotel, to cease paying any further rent to the building corporation, in an effort to force a voluntary reduction in the rent reserved. He was unsuccessful in this, then resigned as president, had the secretary resign, other officers elected, and caused the hotel company to execute a chattel mortgage to him, covering the furniture, furnishings, and fixtures of the hotel company in the building corporation's building, to secure the payment to him, the said Wenzel, of the sum of $44,466.62. The chattel mortgage was executed and acknowledged in due form and filed for record.

In the foreclosure suit, instituted October 10, 1928, the building corporation sought to set aside this chattel mortgage as fraudulent, in violation of the express provisions of the lease and the assignment and pledge sections thereof.

The equitable lien of the building corporation grew out of the written indenture of lease executed more than two and a half years prior to the filing of the petition in bankruptcy. The furniture, furnishings, and equipment of the hotel company were free and clear of liens of every kind and character until the equitable owner of the hotel company's entire property attempted to secure a lien for his own benefit, and, undoubtedly, for the purpose of forcing a reduction in the rent; and the property of the hotel company was regarded by the respective parties, and preserved, as security to the building corporation, according to the terms of the pledge; and it was considered there existed a valid, subsisting, binding lien, as between the building corporation and the hotel company, upon the property in question. The actual physical possession of the property was delivered to the building corporation on February 14, 1929, before the filing of the petition in bankruptcy herein on March 21.

Section 60b of the Bankruptcy Act, 11 USCA § 96(b), authorizing the recovery or setting aside of unlawful preferences, contains this provision: "And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

There can be no question as to the jurisdiction of the superior court of Cook county over the parties and the subject-matter from and after October 10, 1928.

The foreclosure suit of October 10, 1928, and the creditors' bill to dissolve the corporation and for the appointment of a receiver, of December 15, 1928, were prosecuted for the purpose of lawfully aiding the building corporation in securing the benefit of its pledge of the property of the hotel company. These two pieces of litigation were, in effect, consolidated on February 3, 1929, when the building corporation filed its petition in the creditors' suit, asking the court to direct its receiver to turn over the property in question to it. The hotel company appeared and demurred to this petition. Its contentions were adjudicated against it, and the property in question was ordered delivered to the building corporation. With the property in the hands of the building corporation, the cause proceeded to final decree. While these two causes were not suits concerning an alleged preference, they did involve the assertion by the building corporation of substantial equitable rights. The hotel company was properly in court as a defendant in both of the suits, and was at liberty to assert any rights or to interpose any defense it had to the equitable rights sought to be asserted by the complainant.

Once the jurisdiction of the state court attaches, the federal court is without jurisdiction. Harkin v. Brundage, 276 U. S. 36–55, 48 S. Ct. 268, 72 L. Ed. 457; Farmers' Loan & Trust Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667. And this is true, notwithstanding the res was not in the actual custody of the state court or its receiver. Kline v. Burke Const. Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 28 L. Ed. 390. However, in this case the state court, either

1034

itself or through the corporation into whose possession the state court had committed it, had the custody of the res, whereby the state court had exclusive jurisdiction. Lion Bonding Co. v. Karatz, 262 U. S. 77, 88, 43 S. Ct. 480, 67 L. Ed. 871.

It is contended that, this being a bill to recover an unlawful preference, the District Court had full jurisdiction to proceed to determine the question of a preference. More than a year before the filing of the bill of the trustee herein, and more than five months before bankruptcy, the litigation in the superior court of Cook county was started. The bankrupt hotel company was a party defendant in the litigation concerning the property and property rights affected. The rights of the trustee could not be greater than the rights of the hotel company prior to the institution of the bankruptcy proceeding. In re Abell (C. C. A.) 19 F.(2d) 965, 968. In that case Judge Page quoted from Everett v. Judson, 228 U. S. 474, 479, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154, construing the amendment of 1910 to the Bankruptcy Act, changing the status of the trustee in bankruptcy: "We think that the purpose of the law was to fix the line of cleavage with reference to the condition of the bankrupt estate as of the time at which the petition was filed and that the property which vests in the trustee at the time of adjudication is that which the bankrupt owned at the time of the filing of the petition."

The final decree of the superior court making disposition of the rights of the bankrupt hotel company and Wenzel is res adjudicata of the subject-matter of this proceeding. Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148; Commercial Electric S. Co. v. Curtis (C. C. A.) 288 F. 657.

As between the lessor and lessee, the former, the building corporation, had at all times a valid, equitable lien upon the furniture, furnishings, and equipment of the hotel company, and the description of the property was such that it could readily be identified. Southern Surety Co. v. People's Bank, 332 Ill. 362, 163 N. E. 659, 662. There the Illinois Supreme Court said: "A description which will enable a third person to identify the property, aided by inquiry which the instrument suggests, is sufficient. Pike v. Colvin, 67 Ill. 227. A mortgage of after-acquired property is valid, if the mortgage so provides. Where the mortgage so provides, possession of the property by the mortgagee on breach of condition validates the mortgage as to after-acquired property or property not in existence when the mortgage was executed."

Appellant seriously contends that, because the building corporation did not possess itself of the pledged property until within four months of the filing of the petition in bankruptcy, its possession was futile under the Bankruptcy Act. This position is untenable. Burrowes v. Nimocks (C. C. A.) 35 F.(2d) 152, 156. In that case Judge Parker said, among other things: "It is true that a pledge is not good at law without delivery; but the doctrine is well established in North Carolina and elsewhere that the delivery need not be contemporaneous with the contract of pledge. If made subsequently, it relates back to the contract and gives it validity."

The rule in Illinois in this respect is the same as in North Carolina. So. Surety Co. v. Bank, supra.

A pledge or contract for a pledge, ineffectual for want of delivery, may be rendered valid by a subsequent delivery, even as against an intermediate creditor at large of the pledgor. Of course, such subsequent delivery would not prevail against a creditor who had, between the time of the making of the contract and taking possession under it, acquired a specific lien upon the thing pledged by attachment or levy of execution. The only other obstacle which could prevent such a transaction from being effectual would be the intervention of fraud. Jones on Pledges, § 33.

It is the settled rule in bankruptcy that, where a lien is good as between the parties, but because of the lack of registration or possession not good against lien creditors, its registration, or in a proper case the taking of possession of the property before bankruptcy, will render it valid as against the trustee in bankruptcy, and will not be held to be the obtaining of a preference. Finance & Guaranty Co. v. Oppenhimer, 276 U. S. 10, 48 S. Ct. 209, 72 L. Ed. 443; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275.

The entire record before us is persuasive of the fact that the efforts of the building corporation (appellee) to avail itself of the benefit of the security and pledge, which was lawfully given it by the hotel company, have none of the essential elements of a voidable preference. The language used by the Court of Appeals of the Eighth Circuit, in First National Bank v. Live Stock National Bank,

31 F.(2d) 416, 419, is especially apt: "The whole purpose of the Bankruptcy Act is to protect against preferences and frauds, and not to defraud one who, in good faith, has advanced or loaned money on security to one who was insolvent at the time of the transaction, or later became so, and went into bankruptcy."

We therefore conclude that the District Court properly dismissed appellant's bill for want of equity. Therefore the decree must be, and is hereby, affirmed.