**In re FELL.**
No. 19488.

District Court, E. D. Pennsylvania.
April 19, 1937.

Walter Thomas, of Philadelphia, Pa., for petitioner.

Robert H. Grim, of Philadelphia, Pa., for trustee.

MARIS, District Judge.

This matter comes before us on a petition by Hiram M. Trauch to review an order of the referee disallowing his claim against the bankrupt estate as a preferred claim. The referee allowed it as an unsecured claim. Trauch was an employee of the bankrupt. On May 23, 1936, he loaned the bankrupt the sum of $1,000 in cash and received from the bankrupt a note for that amount payable sixty days after date containing a confession of judgment in the customary judgment note form. At the bottom of the note below the signatures appeared the following notation: "Against Pleasant Valley Creamery and truck equipment." The evidence indicates that these words were added to the note pursuant to the intention of the parties that the property mentioned should be security for the loan.

On September 4, 1936, Trauch entered judgment against the bankrupt on the note, and two or three days before the adjudication in bankruptcy the certificate of title to one of the bankrupt's trucks was transferred by him to Trauch. Trauch, however, did not take possession of the truck but permitted it to remain in the possession of the bankrupt, in whose possession it was on October 3, 1936, when the bankrupt filed his voluntary petition. No payments on account of the note had been made by the bankrupt prior to bankruptcy.

Trauch filed a proof of unsecured debt in the sum of $1,000, but set forth therein that the said sum was loaned to the bankrupt "with the distinct understanding that the same would be a charge and lien on the equipment and trucks of the Pleasant Valley Creamery owned by the bankrupt and is * * * now a charge and lien on all the moneys derived from the sale of the said equipment and trucks." The proof, although informal, will be treated as a proof of a debt secured by a lien upon the property mentioned. The question for our determination, therefore, is whether the referee erred in refusing to find that Trauch was entitled to enforce his lien against the property or its proceeds in the hands of the trustee in bankruptcy. This question in turn depends for its answer upon the solution of a number of others.

The first of these is whether by the judgment note containing the additional notation the bankrupt created an equitable lien in favor of Trauch against the Creamery property and the truck equipment. In other words, did the parties intend to charge this property and equipment with the obligation of the note? If they did, it is clear that an equitable lien, good as against the bankrupt, resulted. Ketchum v. St. Louis, 101 U.S. 306, 25 L.Ed. 999; Walker v. Brown, 165 U.S. 654, 17 S. Ct. 453, 41 L.Ed. 865; Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208; Barnes v. Alexander, 232 U.S. 117, 34 S. Ct. 276, 58 L.Ed. 530; Davis v. Billings, 254 Pa. 574, 99 A. 163. We think that the use by the parties of the words, "Against Pleasant Valley Creamery and truck equipment," in the light of the circumstances disclosed by the evidence, sufficiently indicated their intention to charge this property with the indebtedness. It follows that the execution and delivery of the judgment note brought into force an equitable lien against the property mentioned which was good as against the bankrupt. It is equally clear that this lien, being secret, would not under the law of Pennsylvania be valid against encumbrancers or purchasers without notice. Clow v. Woods, 5 Serg. & R. (Pa.) 275, 9 Am.Dec. 346; Lahr's Appeal, 90 Pa. 507; Oberholtzer's Appeals, 124 Pa. 583, 17 A. 143, 144. It follows that the lien would be invalid also as against the bankrupt's trustee. Hayes v. Gibson (C.C. A.) 279 F. 812, 22 A.L.R. 1372. On the other hand, as was stated by Judge Fitzhenry in Johnson v. Burke Manor Bldg. Corporation (C.C.A.) 48 F.(2d) 1031, 1034, 83 A.L.R. 1273: "It is the settled rule in bankruptcy that, where a lien is good as between the parties, but because of the lack of registration or possession not good against lien creditors, its registration, or in a proper case the taking of possession of the property before bankruptcy, will render it valid as against the trustee in bankruptcy, and will not be held to be the obtaining of a preference. Finance & Guaranty Co. v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Bailey v.

Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275."

■ We thus come to the next question, which is whether Trauch by entering judgment upon the judgment note within the four months' period so perfected his equitable lien as to make it valid against the trustee in bankruptcy. It must be admitted that the entry of judgment gave no lien against the trucks or other personal property, since there is no evidence that a writ of execution was issued on the judgment and delivered to the sheriff to be executed. Until this is done a judgment creditor acquires no lien on personal property under the law of Pennsylvania. 12 P.S. § 2291. It is equally clear that the entry of judgment did give Trauch a lien on all the bankrupt's real estate in the county, which lien at the time it was entered was valid as against purchasers and encumbrancers without actual notice. Under section 67 of the Bankruptcy Act, as amended June 7, 1934 (11 U.S.C.A. § 107), however, a lien obtained by a confession of judgment within four months before bankruptcy is dissolved by the adjudication if it appears that it was obtained while the defendant was insolvent and that its existence and enforcement will work a preference. Such was unquestionably the situation here. It follows that the lien of the judgment obtained upon the judgment note within four months prior to the bankruptcy was rendered void by the adjudication, even though the judgment note upon which it was entered was executed and delivered prior to the four months' period. In re Richards (C.C.A.) 96 F. 935; In re Albright (D.C.) 18 F.(2d) 591, affirmed sub nom. Shick v. Goodman (C.C.A.) 33 F.(2d) 291.

■ Trauch seeks to avoid this result, however, by arguing that the entry of judgment on the note operated to perfect the equitable lien which was created by the additional clause it contained. In this, however, we think he confuses the creation of a lien with the recording or perfecting of it. The entry of judgment on the note created a new lien which had not previously existed. The agreement to confess judgment contained in the note did not operate to create a lien prior to its exercise. As was said by Judge Jenkins in Re Richards, supra, 96 F. 935, at page 938: "The judgment note did not create a lien. Its efficacy and value as security consisted in this: that by virtue of the irrevocable power of attorney it was possible for the creditor to enter judgment at will at the maturity of the note, without consent of or participation by the debtor, and in despite of his opposition. Therein inhered its potency and its superior value. It did not create a lien upon the property of the debtor, but enabled the creditor to obtain such lien by immediate judgment, at his will." Consequently in no sense can it be said that the entry of the judgment by confession amounted to the recording or otherwise perfecting of an existing lien. As we have indicated, in order to perfect an equitable lien it is necessary to take some step which will give such public notice of it as the law requires. This may be done either by giving actual notice to the persons sought to be affected, by taking possession of the property subject to the lien, or by registering or recording the lien in such manner as may be provided by the laws of the state in which the property is located. Admittedly Trauch did not take possession of the real estate and under the laws of Pennsylvania a lien or charge against real estate created by agreement must be recorded in the office of the recorder of deeds in order that it may be valid as against encumbrancers and purchasers without notice. No such recording took place in this case. Consequently it must be held that the equitable lien against the Pleasant Valley Creamery property is void as against the trustee in bankruptcy and Trauch's preferred claim against the proceeds of that property falls.

■ The remaining question is whether the transfer to Trauch by the bankrupt of a certificate of title to one of his trucks two or three days before bankruptcy operated to perfect Trauch's equitable lien on the truck. The answer to this question must depend upon whether the issuance of a certificate of title to a motor vehicle is notice to the world that the certificate holder has an interest in or claim upon the vehicle. This court fully considered this question in the case of In re Fell, 16 F. Supp. 987, and came to the conclusion that the issuance of a certificate of title under the Pennsylvania Motor Vehicle Act does not amount to such notice of the certificate holder's interest as makes it unnecessary for him to take possession of the vehicle in order to enforce his claim against the trustee in bankruptcy of his vendor. The rule there laid down is applicable here, and it follows that since Trauch did not take possession of the pledged truck he has

no enforceable claim against it or the proceeds of its sale.

The petition for review is dismissed and the order of the referee confirmed.