In re SOSS et al.
No. 1422.

District Court, D. Delaware.
Oct. 16, 1943.

124

Collins J. Seitz and Southerland, Berl & Potter, all of Wilmington, Del., for trustee.

Joseph Handler, of Wilmington, Del., for petitioner.

LEAHY, District Judge.

This matter comes here on a petition of Commercial Trust Company to review an order of Referee Morris disallowing its claim against the bankrupt estate as a preferred claim. On January 30, 1942, petitioner lent to the bankrupts, Joseph Soss and Samuel Soss, trading as Crown Meat Market, $545 on their joint and several note. Contemporaneously with the giving of the note, one of the bankrupts, Joseph Soss, delivered to petitioner the certificate of title to his automobile, together with an executed power of attorney. The power of attorney[1] authorized petitioner to assign or transfer the title of the automobile and pledged both the automobile and title as collateral for the payment of the note. Possession of the automobile described in the power of attorney was never acquired by petitioner, but was retained by the bankrupt, Joseph Soss. The automobile, after the voluntary petition in bankruptcy was filed on August 5, 1942, came into the possession of the trustee along with the other assets of the bankrupt, and was sold by him at public auction.

Petitioner sought to recover before the referee the entire proceeds of the sale, amounting to $300, and also sought to be adjudged a general creditor for the balance of its claim. Petitioner contends that delivery of the certificate of title and power of attorney, as security for the loan, created an equitable lien upon the automobile for the unpaid balance of the debt and that this is superior to any rights of the trustee.

The trustee contends that delivery of the documents did not constitute an equitable lien because of sections 5573 and 5574 of the Revised Code of Delaware of 1935, which provide that all liens on motor vehicles must be registered with the Department of Motor Vehicles and when so registered are notice to all creditors of whatever description. It is conceded there was no compliance with the Delaware registration statutes. The trustee further contends that even if an equitable lien were created, such lien cannot prevail against the rights of the trustee by virtue of Sec. 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, which provides in part as follows: "The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; * * * *".

The referee held that, while the above transactions created an equitable lien, such lien did not prevail against the trustee. This petition for review followed and raises, as I view it, two questions, viz.: (1) whether delivery of the documents created an equitable lien in favor of petitioner against automobile and (2) if an equitable lien was created whether it prevails as against trustee.

I. I think the parties intended to charge the automobile with the obligation of the note; consequently an equitable lien, good as against the bankrupt, resulted. Ketchum v. St. Louis, 101 U.S. 306, 25 L.Ed 999; Walker v. Brown, 165 U.S. 654, 17 S.Ct. 453, 41 L.Ed 865; Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53

---

[1] The text of the power of attorney so far as here material is as follows:

"Know All Men by These Presents, That I, Joseph Soss, Do make, constitute and appoint Commercial Trust Company, my true and lawful Attorney, for me and in my name to sign my name to any assignments of titles, transfers of titles, applications for titles, or any other forms involving title to Plymouth Motor No. P8–179304, Mfg. No. 10729659. This power of attorney to remain in effect until such time as the title to this automobile is out of my name, and until note $545.00 due Commercial Trust Company is fully paid; said motor vehicle and title to be held as collateral for payments of said obligation, with power also as Attorney or Attorneys under for that purpose to make and substitute, and to do all lawful acts requisite for effecting the premises; hereby ratifying and confirming all that the said Attorney or substitute or substitutes shall do therein by virtue of these presents."

L.Ed. 208; Barnes v. Alexander, 232 U. S. 117, 34 S.Ct. 276, 58 L.Ed. 530; Bradford Co. v. United Leather Co., 11 Del. Ch. 110, 97 A. 622. I do not think that sections 5573 and 5574 of the Revised Code of Delaware of 1935 were intended to exclude the existence of equitable liens or other types of legal liens, for the statute itself makes reference to liens other than those secured by the statute. The legislative purpose, as I view it, was to provide notice so that the lien would be good against all creditors. The existence of an equitable lien is consequently not at war with the legislative purpose. It is clear that the equitable lien here in question, being secret, would not under the law of Delaware be good against incumbrancers or purchasers without notice. See Bradford Co. v. United Leather Co., supra; Royal Insurance Co. v. Simon, 20 Del.Ch. 297, 174 A. 444; Union National Bank of Wilmington v. Topkis, 23 Del.Ch. 59, 2 A. 2d 148. And while there is a plethora of conflict in the decisions, it is settled in this circuit, at least, that a trustee for a bankrupt occupies a position of the same nature as an encumbrancer or purchaser without notice. Hayes v. Gibson, 3 Cir., 279 F. 812, 22 A.L.R. 1372; In re Fell, D.C., 18 F. Supp. 989. In Hayes v. Gibson the court, in passing upon this question said: "While an equitable lien arising from express contract, as here, may be enforceable against the specific property embraced in the contract in the hands of the contractor and subsequent purchasers and incumbrancers with notice, it may not be enforced against prior incumbrancers or subsequent incumbrancers without notice. * * * The trustee belongs to the latter class." [279 F. 814, 22 A.L.R. 1372.]

▪ II. It is clear, therefore, that petitioner must fail unless it can bring itself within a recognized exception to the rule established in this circuit. As was stated in Johnson v. Burke Manor Bldg. Corp., 7 Cir., 48 F.2d 1031, 1034, 83 A.L. R. 1273: "It is the settled rule in bankruptcy that where a lien is good as between the parties, but because of the lack of registration or possession not good against lien creditors, its registration, or in a proper case the taking of possession of the property before bankruptcy, will render it valid as against the trustee in bankruptcy, and will not be held to be the obtaining of a preference. Finance & Guaranty Co. v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Bailey v. Baker Ice Machine Co., 239 U.S. 268, 269, 36 S.Ct. 50, 60 L.Ed. 275."[2] Since it is admitted the bankrupt, Joseph Soss, kept possession of the automobile and petitioner did not register the title, it manifestly does not come within the mentioned exception. Mere delivery of the title papers, the indicia of ownership, is insufficient. See In re McDonald Sales, Inc., D.C., 51 F. Supp. 73.

The order of the referee in all respects is accordingly affirmed.

---

[2] The rationale of the rule of this circuit favoring the relative position of trustee against equitable lienholder is that to recognize secret liens would tend to promote collusion. Sed quaere, whether the rule together with its recognized exception would not aid and protect those engaged in collusive practices, if the parties are agile enough to reduce the property in question to the possession of the creditor immediately before bankruptcy.