## ROBINSON v. KRAFT.
### No. 5504.

District Court, E. D. New York.
Jan. 6, 1932.

Louis H. Strouse, of New York City (Nathan April, of New York City, of counsel), for plaintiff.

McCoun & McCoun, of Oyster Bay, N. Y. (William T. McCoun, of Oyster Bay, N. Y., of counsel), for defendant.

GALSTON, District Judge.

In this action the trustee seeks to set aside certain conveyances made by the bankrupt, Daniel Kraft, as preferential transfers to his son, the defendant, Harold R. Kraft, on April 15, 1931, of lands lying in the town of Oyster Bay, Nassau county. At the time of the conveyances, the bankrupt was insolvent, and on May 5, 1931, he filed a petition to be adjudicated a bankrupt in this court.

It appears that on June 12, 1928, the bankrupt and his wife, as a wedding gift to their son, the defendant, gave him a deed of a certain parcel of land lying at East Norwich in Nassau county. This deed was not recorded. Later in the month Kraft told the defendant that he had agreed to exchange certain of his remaining lands with the county of Nassau and one Josephine O'Donnell, for lands of the county of Nassau, and desired a return of the lands which had been conveyed to the defendant on June 12th. Just what was said at this conference between father and son is not at all clear, but apparently the defendant in effect said that the father promised that, if the lands so conveyed were returned, he would convey to the defendant, when he obtained title thereto, such lands as the county of Nassau and Josephine O'Donnell should thereafter convey to him (the said Daniel Kraft).

Accordingly the defendant returned the deed to his father in the latter part of June, 1928. That deed was never recorded, and remained for some years in the safe of the bankrupt.

On September 14, 1928, the bankrupt, Kraft, conveyed to the county of Nassau certain lands, and on March 30, 1931, and April 6, 1931, conveyed certain other parcels to Josephine O'Donnell, as a result of which Daniel Kraft obtained title to the parcels of land forming the subject-matter of this suit. It may be noted that the land covered by the deed of June 12, 1928, was at no time conveyed to the county of Nassau or Josephine O'Donnell, but was included in the schedules filed by Daniel Kraft as his property on May 5, 1931.

The question raised for determination is the effect of the alleged agreement between the bankrupt and his son. The defendant contends that, by virtue of the agreement, Daniel Kraft obtained the properties from the county of Nassau and Josephine O'Donnell, as trustee for the defendant, and that in consequence he was executing a valid constructive trust.

If the defendant herein acquired title to the lands covered by the deed of June 12, 1928, he certainly made no reconveyance of the land. No effective conveyance could have been made without the joinder of his wife. All that he did was to deliver back the instrument that had been given to him. As between the parties, a valid contract was made, which resulted in giving the son an enforceable right, but in all the circumstances of the case not such a right as would prejudice other creditors of the bankrupt.

The facts do not fall within In re Finkelstein (C. C. A.) 33 F.(2d) 278, but that case is indeed very helpful in pointing out why the resulting trust claimed herein can in no circumstances be effective against the general creditors of the bankrupt; for here no funds or property of the defendant were used by the bankrupt in obtaining title to the parcels

acquired from the county of Nassau and Josephine O'Donnell, which were subsequently transferred by the bankrupt to the defendant. On the contrary, the property constituting a wedding gift remained the property of the bankrupt, and indeed is included in his schedule of assets. One cannot ignore either in scrutinizing the transaction the close blood relationship between the parties.

Moreover, as was said in Corney v. Saltzman et al. (C. C. A.) 22 F.(2d) 268, 269, in construing an agreement which was made more than four months prior to the bankruptcy: "While such an agreement may give rise to an equitable lien and be enforceable between the original parties, regard must be had for the rights of third parties or creditors who, as here, are represented by the trustee in bankruptcy. The lien is enforceable, even against a trustee, if the lien rises out of an agreement which confines the security to a specific res and purports to give an absolute present right. Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995. Though the equitable lien is enforceable against the res in a contest between the original parties, its operation where third parties are involved is limited. Jones on Liens (3d Ed.) § 77."

Now from the facts herein it cannot be argued that the agreement between father and son resulted in giving the son a then absolute present right. The same conclusion was reached in Herbert H. White v. Barnard et al. (C. C. A.) 29 F.(2d) 510, 13 A. B. R. (N. S.) 147.

The plaintiff is entitled to a decree.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.